# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **JEFFREY ZIMMERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-CV-00228 |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Plaintiff Jeffrey Zimmerman brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) On June 22, 2009, pursuant to a stipulation for remand by the parties (Docket # 23), this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings (Docket # 24).

Zimmerman's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $8,907.50 for his representation of Zimmerman in federal court. (Docket # 30.) The Commissioner has not objected to Shull's request for fees, and the time to do so has now passed. For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED, except that his requested fee will be reduced to $5,088.30.

### A. *Relevant Factual and Procedural Background*

On September 9, 2008, Shull and Zimmerman entered into a contingent fee agreement for

Shull's representation of Zimmerman in federal court.[1] (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Mem. in Supp.") Ex. C.) Under the agreement, Zimmerman agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [his] family and [him] in the event [his] case is won." (Mem. in Supp. Ex. C.)

On October 3, 2008, Zimmerman filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (Docket # 1.) On June 22, 2009, pursuant to a stipulation for remand by the parties (Docket # 23), Zimmerman received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (Docket # 24.) Shull then filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 21.7 hours he spent advocating Zimmerman's claim in federal court. (Docket # 26-28.) The Court granted Shull's motion, awarding him $3,819.20 in EAJA fees. (Docket # 29.) In addition, Attorney Soultana Myers received $5,300 in attorney fees pursuant to 42 U.S.C. § 406(a) for her representation of Zimmerman at the administrative level. (Mem. in Supp. 2, Ex. B.)

Ultimately, the Commissioner awarded disability benefits to Zimmerman, and as a result, he became entitled to $56,830 in back benefits. (Mem. in Supp. 2, Ex. A.) On November 10, 2011, Shull filed the instant motion, seeking the Court's authorization of a payment of $8,907.50 in attorney fees from Zimmerman to Shull pursuant to the contingent fee agreement. (Docket # 30.)

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

## B. Legal Standard

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[2] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed 25% of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been harmonized with the EAJA; though fee

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 807-08 (citations and footnote omitted).

## *C. Discussion*

Here, Shull requests that the Court authorize the payment of attorney fees under § 406(b) in the amount of $8,907.50 pursuant to his contingent fee agreement for representation of Zimmerman in federal court. Accordingly, the Court is charged with determining whether Shull's requested fee under the contingent fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Zimmerman's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating the requested fee, Shull starts with $8,907.50, an amount less than 25% of the $56,830 in past benefits awarded to Zimmerman. Thus, Shull has already voluntarily

4

discounted the fee Zimmerman agreed to pay under the terms of the contingent fee agreement. *See Crawford v. Astrue*, 586 F.3d 1142, 1151-52 (9th Cir. 2009) (considering when awarding fees under § 406(b) that counsel had voluntarily reduced the requested fees substantially from the allowable 25%). Likewise, this amount, when added to the $5,300 awarded to Attorney Myers under 406(a), does not exceed 25% of the past-due benefits awarded to Zimmerman. *See Kopulos*, 318 F. Supp. 2d at 661; *Bartrom*, 2003 WL 21919181, at *2-3.

Shull explains that an award of $8,907.50 is reasonable for the 21.7 hours he spent representing Zimmerman in federal court, considering that he achieved a good result for Zimmerman and provided him with effective and efficient representation. (Mem. in Supp. 9-10.) Shull did indeed obtain a good result for Zimmerman and undoubtedly provided him with quality representation. This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (Shull Aff. ¶ 3); *see Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client).

Shull also emphasizes that he incurred a substantial risk of loss in taking Zimmerman's case, citing statistics indicating that social security claimants who go to court ultimately prevail only about 35% of the time.[4] *See* Social Security Advisory Board, *Disability Decision Making: Data and Materials* at 89, 91 (May 2006), http://www.ssab.gov/documents/chartbook.pdf (last visited November 29, 2011); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)). Indeed, "there is a great risk of loss in social security

---

[4] The statistics indicate that federal courts remand the Commissioner's final decision 45% of the time and grant benefits outright 5%. Of those cases remanded, 67% are ultimately awarded disability benefits.

5

disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002).

Moreover, Shull explains that the requested fee of $8,907.50, divided by the 21.7 hours he spent on the case in federal court, equates to an effective rate of $410.48 per hour, which is well within the effective rate in previous awards by this Court.[5] *See, e.g., Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour). As a result, Shull's requested fee under § 406(b) will be authorized by this Court but will be reduced from $8,907.50 to $5,088.30, which incorporates an offset for the $3,819.20 of EAJA fees that Shull already recovered. *See Gisbrecht*, 535 U.S. at 796.

### D. Conclusion

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 30) is GRANTED, except that his requested fee of $8,907.50 is

---

[5] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding."). Here, Shull argued in his supporting memorandum that a $410 requested effective rate per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Shull's argument concerning his proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

reduced to $5,088.30, which includes an offset for Shull's prior award of EAJA fees.

SO ORDERED.

Enter for this 29th day of November, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge